UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| BRANDON NICHOLAS BARNETT, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 1:19-cv-24-ACL |
| BRYAN GORHAM, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff Brandon Nicholas Barnett's amended complaint. Plaintiff, a prisoner and frequent filer of lawsuits, is currently proceeding in forma pauperis in this action. However, based upon review of both the amended complaint and plaintiff's litigation history, the Court has determined to revoke plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g), and dismiss this action without prejudice to the filing of a fully-paid complaint.

Plaintiff initiated this civil action on February 5, 2019 by filing a complaint pursuant to 42 U.S.C. § 1983. He named six defendants, all of whom were employed by the Missouri Department of Corrections. He sought leave to proceed in forma pauperis, and he also filed a motion for the appointment of counsel. Upon initial review of plaintiff's complaint, the Court was unable to discern the claims he wished to bring. While his allegations appeared to focus upon conduct violations and grievances, he included with the complaint statements from other inmates about force being used against him. In an abundance of caution, the Court granted plaintiff leave to proceed in forma pauperis, and directed him to file an amended complaint to

clarify the claims he wished to bring. Plaintiff timely filed an amended complaint, accompanied by a motion to waive the filing fee and a second motion to appoint counsel.

In the amended complaint, plaintiff alleges that, from November 2018 to January 2019, his repeated requests for grievance forms were denied, and he was issued conduct violations and referred to administrative segregation. He states his due process rights were violated, that letters he wrote were ignored, his requests were not granted, and his conduct violations were not expunged. He makes no mention of physical harm.

Before filing the instant action, plaintiff, while incarcerated or detained, filed at least three civil actions that were dismissed for failure to state a claim upon which relief may be granted or on res judicata grounds.[1] *See Barnett v. 5th Judicial Circuit Court Buchanan County, et al.*, No. 5:11-cv-6031-DW (W.D. Mo. May 18, 2011) (summary dismissal for failure to state a claim upon which relief may be granted), *Barnett v. Buchanan County, Missouri, et al.*, No. 5:15-cv-6044-DW (W.D. Mo. May 8, 2015) (same), and *Barnett v. Hinton, et al.*, No. 5:18-cv-6115-HFS (W.D. Mo. Nov. 5, 2018) (summary dismissal on res judicata grounds). The Prison Litigation Reform Act of 1996 provides, in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] The Eighth Circuit Court of Appeals has recognized that dismissals on res judicata grounds are properly counted as "strikes" for purposes of 28 U.S.C. § 1915(g). *See Higgins v. Carpenter*, 258 F.3d 797, 801 (8th Cir. 2001) (prior cases dismissed as barred by res judicata qualified as strikes), *Burke v. St. Louis City Jails*, 603 F. App'x 525 (8th Cir. 2015) (affirming the portion of the district court's decision determining that the plaintiff had acquired three qualifying strikes when one of the cases the district court cited was dismissed on res judicata grounds); *see also Harmon v. Webster*, 263 F. App'x 844, 846 (11th Cir. 2008) (affirming the district court's determination that its dismissal on res judicata grounds should count as a strike for purposes of § 1915(g)).

2

28 U.S.C. § 1915(g). Therefore, plaintiff may continue to proceed in forma pauperis in this action only if the allegations in his amended complaint establish that he "is under imminent danger of serious physical injury." *Id.*

Having thoroughly reviewed and liberally construed plaintiff's allegations in the amended complaint, the Court concludes that they do not establish that plaintiff is under imminent danger of serious physical injury. Additionally, plaintiff's allegations concern events that occurred in the past, and allegations of past harm are insufficient to trigger the imminent danger exception to § 1915(g). *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Therefore, plaintiff may not continue to proceed in forma pauperis in this action. Plaintiff's in forma pauperis status will be revoked pursuant to 28 U.S.C. § 1915(g), and this case will be dismissed without prejudice to the filing of a fully-paid complaint. Additionally, plaintiff's pending motions will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's in forma pauperis status is **REVOKED** pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice to the filing of a fully-paid complaint. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motions to Appoint Counsel (Docket Nos. 3 and 10) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion to waive filing fee (Docket No. 9) is **DENIED** as moot.

Dated this 22nd day of May, 2019.

Ronnie L. White

RONNIE L. WHITE  
UNITED STATES DISTRICT JUDGE